UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL S. BANKUTHY, | ) | 1:05-CV-00696 AWI DLB HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | [Doc. #13] |
| v. | ) | |
| | ) | ORDER DENYING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| MR. HICKMAN, Secretary, | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| Respondent. | ) | TO ENTER JUDGMENT |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 9, 2007, the Magistrate Judge issued Findings and Recommendation that recommended the petition be DENIED and the Clerk of Court be DIRECTED to enter judgment in favor of Respondent. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On January 24, 2007, Petitioner filed objections to the Findings and Recommendation.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file and having considered the

1  objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is
2  supported by the record and proper analysis, and there is no need to modify the Findings and
3  Recommendations based on the points raised in the objections.
4       A federal court may grant a writ of habeas corpus only if the state court decision either (1)
5  was "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the
6  United States," or (2) "involved an unreasonable application of . . . clearly established Federal law,
7  as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).   To the extent
8  Petitioner contends that Respondent has violated California law by denying his work time credits,
9  Petitioner is not entitled to federal habeas corpus relief because federal courts must defer to the state
10 courts' interpretation of state sentencing laws.   Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir.1993).
11 The court agrees with the Magistrate Judge's conclusion that the denial of credits in Petitioner's case
12 does not rise to the level of a due process violation.    While Petitioner claims in the objections that
13 his credits should be calculated pursuant to California Penal Code § 1191.3, this section itself defers
14 to any limitations on credits to those stated in Section 2933.[1]
15      The court also agrees with the Magistrate Judge's conclusion that Petitioner cannot show any
16 equal protection violation because the other prisoners cited to by Plaintiff were not convicted of the
17 same type of crime as Plaintiff and/or were sentenced at a time when different sentencing provisions
18 were in place.   To the extent Petitioner provides information on additional prisoners in his
19 objections, the court declines to consider this evidence.   A new theory cannot properly be raised in
20 objections to Findings and Recommendations. Greenhow v. Secretary of HHS, 863 F.2d 633, 638-
21 39 (9th Cir. 1988),  *overruled on other grounds by* United States v. Hardesty, 977 F.2d 1347 (9th
22 Cir.1992).  Factual assertions that which could have been but were not presented to the Magistrate
23 Judge should be given no consideration when the court is deciding whether to adopt Findings and

---

[1] California Penal Code § 1191.3(b) provides:

The probation officer shall provide a general estimate of the credits to which the defendant may be entitled for previous time served, and conduct or worktime credits authorized under Sections 2931, 2933, or 4019, and shall inform the victim pursuant to Section 1191.1. The probation officer shall file this estimate with the court and it shall become a part of the court record.

1 | Recommendations  Sundaram v. County of Santa Barbara, 2001 WL 540515, *1 (C.D.Cal. 2001);
2 | Beam System, Inc. v. Checkpoint Systems, Inc., 1997 WL 423113, *9 n.9 (C.D.Cal. 1997).
3 | "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change
4 | their strategy and present a different theory to the district court would frustrate the purpose of the
5 | Magistrates Act." Greenhow, 863 F.2d at 638.

      Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued January 9, 2007, is ADOPTED IN FULL;
2. The Petition for Writ of Habeas Corpus is DENIED; and
3. The Clerk of Court is DIRECTED to enter judgment for Respondent.

IT IS SO ORDERED.

**Dated:   April 10, 2007**                               /s/ Anthony W. Ishii
                                                                          UNITED STATES DISTRICT JUDGE